IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00105-CV

 

Alfonso E. Chervinskis, 

individually and as guardian

of the person and estate of susan

chervinskis, frank chervinskis, 

and john michael chervinskis,

                                                                                    Appellants

 v.

 

Nancy Marie Love, formerly

nancy marie chervinskis, 

individually and as independent 

executrix of the estate of anna 

chervinskis, deceased,

                                                                                    Appellees

 

 

 



From the 81st District Court

Frio County, Texas

Trial Court No. 05-07-00204-CVF

 



Order for mediation



 








The Legislature has provided for the resolution of
disputes through alternative dispute resolution (ADR) procedures.  See Tex. Civ. Prac. & Rem. Code Ann. §§
154.001-.073 (Vernon 2005).  The policy behind ADR is stated in the statute:

§ 154.002. Policy

It is the policy of this state to encourage the
peaceable resolution of disputes, . . . and the early settlement of pending
litigation through voluntary settlement procedures.

 

Id. § 154.002.

We believe that referral of this matter is
appropriate for resolution by mediation, a mandatory but non-binding settlement
conference, conducted with the assistance of the mediator.  Mediation is
private, confidential, and privileged.  See id. §§ 154.021, 154.023(a); 10th Tex. App. (Waco) Loc. R. 9.

Mr. Robert E. Golden (210-495-0900) is appointed as
Mediator.  The Mediator will negotiate a reasonable fee with the parties, and Appellants
and Appellee shall each pay one-half of the fee directly to the Mediator.  The
total fee will ultimately be taxed as costs by the Court.

The parties are directed to confer with the
Mediator to establish a date for the mediation.  In the event the parties
cannot agree on a date for the mediation, the Mediator shall select and set a
date and time, within 45 days after the date of this order.

At least three days before the first scheduled
mediation session, each party shall provide the Mediator and all other parties
with an information sheet setting forth the party’s positions about the issues
in the case and produce all information (including their respective appellate briefs)
necessary for the Mediator to understand the issues presented.  This Court will
provide the Mediator with a copy of the Reporter’s Record of the bench trial of
this matter.  The Mediator may require any party to supplement the information
required by this Order.

Named parties and their counsel shall attend and
be present during the entire mediation process.  Failure or refusal to attend
the mediation as ordered may result in the imposition of sanctions, as
permitted by law.

After mediation, the Mediator must advise the
Court forthwith, in writing, when the process was completed, whether the
parties and their counsel appeared as ordered, whether a settlement resulted,
and the amount and terms of his fee agreement.  The Mediator shall send a copy
of the report to each party.

Any objection to this Mediation Order must be
filed with this Court and served upon all parties within ten days or it is
waived.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray does not join this Order.)

Order
issued and filed January 10, 2007

Do
not publish